The fourth district appellate court of the state of Illinois has now convened the honorable John W. Turner presiding. Thank you. Good afternoon, counselors. Thank you. We're here on uh case number four two two zero eight two seven and that's uh Kuhn versus versus owners insurance company and others for the appellate. We have um Mr. Connor Dugan and for the appellee apparently there are two attorneys that will be arguing. That would be Kara Lindsay Rakers and Terrence B. Kelly. Is that correct? That is correct, your honor. That would be 10 minutes apiece. Yes. Yes. Okay. Thank you for that and uh having said that then um Mr. Dugan, you may proceed with your argument. Good afternoon, your honors and the attorneys of the court. I am Connor Dugan on behalf of owners insurance. I'd like to begin by trying to just distill this case down to its essence. This ultimately is not a case that it's about a battle of of different case law. It's about the specific language of the insurance policy here and what uh what what that policy said and I think a good way to frame it is to ask what did Jason Farrell Trucking and Jason Farrell and owners insurance understand they were bargaining to when they entered into this policy. What did the parties reasonably believe they were agreeing to with respect to primary liability insurance or into this um and so let me just kind of use the the the facts of this particular case would Jason Farrell Trucking have believed when it when it was in an accident with a 2010 Kenworth and every other covered auto in this case was 150 miles away in Clinton, Iowa. Would you have understood that he could access coverage for all seven of those or would you have understood that he could access coverage for the vehicle that was involved in the accident and the answer is the only reasonable interpretation is that he would have thought he was entitled to coverage for the vehicle that was involved in it. So in the briefing we've thrown a lot of case law around but I think ultimately all those cases stand for the basic proposition that each case or each policy was reviewed on a case-by-case basis and we looked at that particular policy to ask whether or not there's ambiguity in its language and so I would focus this court on this policy and its language and I would just walk the court briefly through and I think the best place to sort of look is actually in the appellee's appendix because they had a supplemental appendix that has the policy and that's probably the most user friendly but if one starts with item two which is the the second piece of the declaration page is at the top there it talks about the limit of insurance and says that there's a one million dollar limit for each accident and then if one turns to item three one sees that again for hired autos there's a one million dollar amount for each accident that's on their page six of their supplemental and then that's repeated as the seven covered autos if that wasn't clear enough then we turn to the to the limit of insurance provision and I think that's that's where the the rubber meets the road and that's on page 21 and 22 of the supplemental appendix but the limit of insurance is begins with a statement saying we will pay damages for bodily injury property damage up to the limit of insurance shown in the declarations for this coverage then right below that in c1 it says when combined limit liability limits are shown in the declarations the limit shown for each accident is the total amount of coverage and the most we will pay for damages because of or arising out of bodily injury property damage in any one accident and if that were not clear then we turn to c5 on the next page which says the limit of insurance for this coverage may not be added to the limits for the same or similar coverage applying to other autos insured by this policy to determine the amount of coverage available for any one accident regardless of the number of covered autos insureds premiums paid claims made or suits brought persons injured or vehicles involved and so what so the reasonable interpretation of that language and then what that jason ferrell would have understood is that if it had one vehicle involved in an accident the limit of its insurance would be that which is which is listed out in the declarations and it doesn't matter if it doesn't matter if you have seven vehicles insured under the policy or 25 that it's limited to what the limit is stated there um and i think it's kind of uh it's it's telling that in the briefing the apolis really try to assiduously avoid even discussing section 2c5 uh and they don't provide an alternative reading because i think it's pretty straightforward uh the other piece i would i would uh say your honors that even if there was any sort of question about the declaration pages causing some sort of question in the mind of jason ferrell trucking any confusion at all would be resolved by the limits of uh of insurance provisions and you know the three cases in our briefing that i would point this court to first this district's court uh case back in 2001 pecan insurance where it said even if there could some confusion arising out of whether the coverages could be stacked uh it said the limitation provision clarifies that question uh in stripline which is a case from the second district 2004 it talks about how the policy has to be read as a whole and that's why all the provisions are read together so even if there were a question looking at the deck pages you you look at this limitation and then finally there's the mcladden case out of the second district too which actually uses just judge easterbrook's language about the disambiguator language that is what a stacking provision does so even if you have questions which i i would say that they shouldn't be here from the declarations pages the anti-stack provision clears that all up um and so at the end of the day i think the only reasonable interpretation of this policy is that jason farrell trucking entered into a contract uh that gave him combined liability limits up to a million dollars it's it's nonsensical to think that a truck uh that one truck that was involved in it would suddenly be able to scoop in six other vehicles that had to do with the accident so if there aren't any questions your honors i would i would simply ask this court to reverse and remand for a declaratory judgment in our favor because of reasonable interpretation of of this uh insurance policy uh which stands for the the proposition the the anti-stacking provision stands for the the proposition that you cannot stack these various utility coverages mr dugan if it is so clear how did the trial court get it wrong here it's a great question your honor i think part of it is that it was focusing very uh heavily on the underinsured and uninsured motorist cases uh and there's there is a clear distinction between those cases and combined liability cases or primary liability and um all but i think two of the cases cited by the in this case are uninsured or underinsured cases and and it makes sense that those might be treated differently by illinois courts because uninsured and underinsured motorist benefits go flow with the person primary liability flows with the automobile and in fact you can even see that our policy because the the uninsured and underinsured uh provisions and the separate limitation provisions are in endorsements that are on pages uh that are on pages uh let me just get you that on pages 37 and 38 and 40 of their supplemental appendix uh so i think a lot of it had to do with that and losing focus that it needed to focus on this particular language in this policy because there's certainly undeniably many cases in the underinsured underinsured context that have allowed stacking but again that that would make sense uh given that those power that those particular sorts of benefits flow with the person and if the justice has questions i'll come back on rebuttal all right i see no questions and you will have rebuttal um mr kelly are you going first or miss rakers miss rakers is going first your honor please please proceed then thank you thank you your honors may please the court council uh has done his best in his briefing and here today to direct this court's attention away from bruder and the cases that follow but unfortunately for council he can't escape the law owners could have made this policy very clear but did not do so the law on stacking is clear we do not have to turn to any other states i think it makes sense to briefly look at the language in the owner's policy and for the court's reference again that owner's deck page is on the and just quickly you'll see that there are seven vehicles covered and for each vehicle the 1 million limit is listed each time the owner's anti-stacking clause or this limit of liability clause is set forth on pages a 21 and 22 of our appendix you'll see the very first line of 2c directs the reader to the deck pages for the specific dollar amount you'll also see that attempts to limit coverage regardless of the number of covered autos insurance premiums paid claims paid or suits brought persons injured or vehicles involved and this same language will be found in many of the illinois policies we're going to talk about today so looking at the illinois law and i won't go through it in in great detail because it's in our briefs but we have to that owners could have made this much simpler much clearer in itself let's see and specifically as the the declarations page i i think you're you're saying here putting the actual policy aside the form policy but focusing on sections two and three of the declarations pages it looks like owners wanted to provide in section two a summary of the the coverage and in section three to spell out what the individual coverage is included in the premiums for each of those if owners wanted to provide this more detailed information for the policy holder in other words for each of the vehicles setting forth what coverage was being provided and the premium for each could are you saying it could have been done in a clearer way if it also wished to provide the summary in total premiums which it did in item two and if so how would they have done so sure i mean i think that there are several ways that owners could have made this this policy more clear i mean based on the the case law listing the limits each time is a problem and the bigger problem for owners is that there are conflicts between item two and item three owners uses the term limit in the singular uses the term limits in the plural and our brief goes into more detail in that again you get to the title section uh 2c which is the limit of liability we're back to the singular limit combined limits plural later um and so i just i think that it's confusing but more so have they just listed it once and they said it's a two overland is one of them just put in there the dollar amount instead of referring the reader back to the declaration pages can i ask you about that where would the they had put the dollar amount here are you saying inform itself in the limit of liability section is where i think again if we go to the overland case um i can get the the site for you but they did just that instead of saying the coverage shown in the declarations it said the million dollars or whatever the dollar amount was so that the reader doesn't have to go between the deck pages and the limit of liability to try to figure out what the coverage is but the limit of liability where where would that be included here in uh this case you're talking about the policy itself right i am well so i'm just curious i i'm not sure that i've seen a policy a policy is a form it is written here it's a commercial auto policy a form that is written to be used with multiple insurance customers right sure and the declarations pages sets forth the individual coverages for the should have included an actual dollar amount in terms of a limit within the form it would have not had to have modified its commercial auto policy to actually include a dollar figure is that right i think that that is one way to do it per obenlin which is a 1992 first district case i don't think it's the only way to do it um i mean if we go back to bruder and all the cases that goben gates johnson bowers cherry barlow i mean they all talk about um how listing the individual limits can really confuse a limit of liability or an anti-stacking clause okay thank you go ahead sure so i just wanted to to briefly talk about this disambiguator that that council has referred to and and he takes the position that it can take away the ambiguity of a deck page an anti-stacking clause can and he cites judge easterbrook and grinnell for this position but that position is simply wrong uh per bruder on page 91 of the bruder decision it's a deck page can make what appears to be a clear anti-stacking clause ambiguous and this has been confirmed time and time again by illinois appellate courts and the illinois supreme court again we have we have goben that had the same anti-stacking language trying to limit it to to certain vehicles certain claims regardless of the number of people involved it referred the reader to the deck page for the actual dollar amount the deck page then had two vehicles that had limits listed for each one and the court and goben noted that this fell directly within what bruder contemplated the deck pages rendered the anti-stacking clause ambiguous and stacking was permitted the same thing happened in yates stacking was allowed referred to the bruder dicta um despite the anti-stacking language uh and because of the deck page we then have skidmore uh in 2001 which was this involved the stacking of at fault limits not uim not um and again it has the same anti-stacking language that we see in owners and and goben and bruder it refers the reader to the deck pages and then when you go to the deck pages it lists the limit for each vehicle which creates ambiguity bruder was applied in skidmore and the stacking of the at fault limits were allowed um then the illinois supreme court speaks up in in hobbs and and and and distinguishes um if the the hobbs anti-stacking clauses on page 27 of our brief similar limitation language refers to the deck page and then the deck page on page 18 brief you'll notice the limits are listed just once it's not for each vehicle um and so stacking was not allowed but significantly the court states it wouldn't be difficult to find an ambiguity had the coverage limits been listed for each vehicle in other words hobbs recognizes that yates cases like yates properly allow stacking where the limits are listed and i see that i just have a couple minutes left so we have the johnson bowers cherry barlow all of those cases have similar language even hess your honors the illinois supreme court case that that council uh likes to rely on in in his briefing actually affirms bruder um there were the same anti-stacking language that we've been talking about and the deck page is two pages uh but it's four vehicles listed across the two pages they simply wouldn't all fit uh and so the owner's deck page is not like the one in hess the hess court relied on both bruder and hobbs and found that there was no ambiguity that there were multiple deck pages because of the number of vehicles not because it was listing the limits each time my question and your answer will likely go into your uh that passed the limit of your time and i'm going to ask my colleagues indulgence if i could ask this question uh at page four of uh your client's brief uh you point out that owners uh uh for the first time in the uh declaratory judgment action uh cites to uh section subsection 2 c 3 and that's the uh uh the uh limit of insurance section specifically dealing with uh uh the attachment of a trailer do you remember that your honor the brief uh and uh putting aside uh whether or not uh owners uh raised that argument in the trial court i just uh after reading that section and that section uh it would prevent um adding uh an attached trailer's one million dollars uh coverage to the trucks here would you agree with that that would be the effect of applying uh to c3 so you cut out a little bit your honor i'm sorry at the the last part of what you said but i know what you're referring to it's the the limit of liability provides that the car and the trailer are considered one vehicle that's what it's trying to do right so let me so that you could so that you hear the question then let me repeat it so uh would you agree that the application of uh section 2 c 3 would limit uh the liability uh coverage in a situation where you have a tractor with an attached trailer to 1 million in coverage because that section would not allow for the trailer's 1 million dollar coverage to be added to be stacked in other words is that right so i think that's what they're trying to do the i don't know that i would agree that that's what it does the trailer exclusion itself i think makes the policy ambiguous uh if you look at at c3 and c4 it's trying to limit coverage but then the deck page provides separate coverage for a trailer uh and and so why list out all the coverages for the vehicles a separate coverage for the trailer and then later in the policy say well these are combined and considered as one okay thank you okay thank you for your argument uh mr kelly thank you justice uh again terry kelly uh for epily steve price um somewhat ironic in my mind that um council for the appellant believes the issues are very simple here when it did take the trial court 73 pages to go through all the various arguments raised by the parties including the interpretation of all the various provisions at play here as well as the various case law but as as it is i actually agree with council that the issue here is rather straightforward and simple of course for different reasons and i believe that the trial court got it right and it's very considered very detailed analysis i think that the the issue here is very system very very simple and that is does this case fall within the bruta dicta if it falls within the brooder dicta then uh the policy is ambiguous and stacking must be allowed because we always when policies are ambiguous so that's really the the sum and substance of it and to respond further to justice harris's questions how could um owners had drafted this policy to avoid the results that we're at here now uh very very simple follow the uh the brooder uh majority opinion where you do not list multiple liability limits for all the various uh policies ensure or i'm sorry autos ensure it's very simple uh bruder specifically stated where there's a single limit of liability listed in the deck page regardless of the fact that there might be multiple premiums we find no ambiguity and we find that we can apply the anti-stacking uh clause as written but then we go on to the brooder dicta right uh where it specifically states and i would respond to mr dugan's comment uh uh question about how would farrell interpret this policy and i would suggest a reasonable way for him to in its dicta and that is quote it would not be difficult to find an ambiguity created by such listing of liability injury liability limits for each person insured if there were multiple uh limits of liability listed it goes on to state it could easily be interpreted that an insurance should enjoy a total of two hundred thousand dollars in coverage because a figure of 100,000 would be shown for each pickup truck there would be little to suggest and it's such a listing that the parties intended that the coverage was to be limited to that provided for only one of the two pickup trucks it would be more reasonable to assume that the parties intended that in return for the two premiums two one hundred thousand dollar coverage amounts were afforded then it goes on to state but that is not this case so in brooder the insurer wisely only listed liability limits one time i would submit to you that the insurers were on notice statewide in the state of illinois that that's the way you ought to do it if you want to avoid stacking in fact that's only way uh from my review of the last 30 years of case law for stacking to be applied is when you apply multiple limits uh or list multiple limits for each vehicle insured under a single policy that's how owners could have avoided it and the supreme court of illinois says it would have been different limits for seven different vehicles that he got those each individual limits uh applicable to the loss that's what a reasonable interpretation is under brooder so the only question is and as we know we can go through all the various case law but the brooder dicta is in essence the rule of the law the law of the lands here in illinois we've had um how many appellate court cases adopt that in the specific factual scenario here we've listed all of them for the court yates skidmore johnson packer bowers cherry barlow there's federal courts that have followed it to allen and kovac um they have all followed the the terms of the brooder decision the only question is does this fall within the the brooder edicta and guess what it does to a t it exactly follows the brooder dicta they and their policy list clear as day one million dollar policy limits for each individual policy so that's how they could have avoided it they also could have avoided terms uh that uh limited the uh coverage to the specific accident or specific vehicle uh involved in the accident uh as other uh policies have found uh that did not allow stacking i do want to uh make a comment on western one of mr dugan's uh statements about how liability coverage follows the vehicle whereas um um coverage does not uh that is actually not an entirely accurate statement it's more nuanced than that but it doesn't matter quite frankly uh one thing i would state in that regard in their reply brief appellant site uh of slew of out-of-state uh courts that have not allowed stacking and liability coverage and i would first submit to you that i think they they've it's an improper on rebuttal because we never addressed that they it in our uh response and i think it goes beyond uh the the necessary rebuttal that's allowed under the rules but more to the point it does not give us an opportunity to respond to those arguments if we had an opportunity to respond i would cite to other cases in other jurisdictions that have allowed stacking for liability cases such as goodman versus all state insurance 523 new york second uh which is new york court of appeals as well as two missouri cases shelter mutual insurance company versus lester 554 and southwest second 376 and there's another one as well the point is is that um the issue really comes down to the internet individual interpretation of the policy but to to go to the point of whether or not liability coverage follows the vehicle yes it does so does uam coverage and um coverage it's statutory mandated that any policy issued covering a vehicle must include um and um coverage just like it's statutorily mandated that every vehicle every insurance policy covering a vehicle has liability coverage they're two sides of the same coin they're both intended to provide protection to injured parties caused by the negligence of motorists who might be uninsured or have adequate insurance both part of it and both are also um follow the vehicle but they also are what we call portable and not necessarily for instance liability coverage can follow the insurance such as when you're not using your own vehicle for instance all of you have been to the airport and you've checked the box when you rent a car that says i'm declining hertz's rental car coverage because i have some myself well your in fact owner's policy specifically covers non-owned vehicles meaning it follows they're insured if they're using someone else's vehicle in the course of their policy so it is portable it also follows the vehicle just like uam coverage is portable it follows the individual but it also follows the policy anyone or follows the auto anyone in an insured vehicle has that coverage so it's more nuanced than what they suggest but more importantly what i would suggest suggest you that whatever differences exist there are not reasons to allow or not allow stacking it's always determined on what the policy provides neither a policy can unambiguously limit the availability of multiple coverages or it doesn't and that's exactly what the court in skidmore said when it was dealing with liability coverage where it said specifically the terms of whether or not the policy is ambiguous based on the same policy language applies equally to liability coverage into uam coverage because they're the same language it just applies to different covers that makes no difference to treat them differently that's the proper analysis here and as i said the analysis under bruder they lose there's simply no way to get around the bruder dicta that this falls squarely within there are all the um anti-stacking clauses as um i'm not sure about my time do i have a a clock on here uh you had two minutes uh just a short time ago you probably have a little bit more time but finish up your argument thank you you are officially now out of time but please uh finish your argument i appreciate it uh i was just going reiterate ms raker's um statements to the fact that uh under bruder it is not a uh it is the declarations page multiple listing of uh liability limits that creates the ambiguity that the anti-stacking clause cannot overcome that's that's essentially what bruder held and that's certainly what all of the subsequent cases following bruder have held particularly cherry specifically makes mention that the anti-stacking clause cannot overcome the ambiguity created by multiple listing of liability coverage in the deck page for each of the vehicles involved so you can't yeah you have to look first at the deck page and determine whether or not it creates that expectation of coverage as they did here with owners and as they did in yates and skidmore and johnson and all the other ones and if they do is there possibly a deck page that are anti-stacking clause that can overcome that and i would suggest you skidmore is the only case that address that head-on and specifically stated that there you had a exclusions or a limitation on coverage that specifically applied to that situation where it states where there are uh none of the vehicles covered under this policy are involved in the action only the highest limit will apply that's as it can be and that's the only way to avoid the bruder dicta thank you thank you for your argument uh is there any rebuttal and i would suggest mr do you might want to uh comment on the bruder case yeah no your honor there is rebuttal and that was going to be my first point um uh opposing councils discuss bruder as if it was the last thing said 30 years ago and they they forget about hobbs from the illinois supreme court which said our discussion of bruder and yate should not be construed as establishing a per se rule that an insurance policy will be deemed ambiguous as to the limits of liability anytime the limits are noted more than once on the declarations variances in policy language and in particular any stacking clauses frequently require case-by-case review and that's the point that we would bring the court back to here that that in stripling to a illinois court of appeals case also discussed how there is not a per se rule uh so so bruder did not establish some sort of through its dicta some sort of rule that anytime uh vehicles are are listed uh separately on a deck page that that suddenly makes things ambiguous and if anything you have to look at the language and hear each one of the listings of our vehicles talks about the limit one million dollar each accident and i wanted to just briefly touch on justice harris's questions about the c3 provision about the trailer and the trailer if a trailer is being used with one of the vehicles that provision would be nonsensical if if if uh you could then suddenly uh if the trailer is not in use with the vehicle aggregate the trailer's limits with the vehicle that was actually in use uh excuse me mr dugan i think ms rakers would uh say and i believe this is what she was saying in response to my question that just as uh 2c5 uh does not save uh uh the policy uh from stacking neither uh does 2c3 what would you say to that well i i would first say that i think the vote provisions are are clear yeah you asked that was another piece i was going to get to justice harris you asked about how owners could have made this uh made this policy clear uh and and miss rakers had a few suggestions but i don't know that she ever said uh she never said that this is totally ambiguous she she she said that there and and that's one of the the things that the case law makes clear just because something could be done in a in a straightforward fashion or a clear manner does not make something ambiguous uh and here we what i would go back to with the declaration pages is how how frequently it's emphasized that there's a 1 million dollar limit uh they say well that makes it ambiguous argument would be no it actually doesn't cause any confusion it underscores the idea that is then reinforced in c uh c5 and c3 that you have a limit to the the amount that you can uh you can have for any one accident um i would just also say that in many of the cases gobe and cherry skidmore there was different language being used in the anti-stacking provisions and that's one of the points that i would i would come back to is that you focus on the anti-stacking language here not the anti-stacking language that might have come up in a different case and when the court does that it will come to the conclusion that the only reasonable interpretation here is that the limits of liability were were set at 1 million dollars and with that yes may i ask another question i had asked i believe it was uh when i was uh uh asking miss race breakers questions i was asking about uh the uh uh the suggestion and her brief uh that uh uh uh the policy that the policy could have included a uh an actual figure uh for uh uh liability uh coverage a liability limit and the trial court at page 27 of its uh uh uh order it stated the same thing it said that the court notes that simply defining in section 2c what the limit of insurance for policy is by writing that it is 1 million dollars per accident uh would potentially have removed any claim of ambiguity and i i'm i'm confused by this it would seem uh that what's being suggested is that the policy itself which is used from uh insured to insured uh underwriting uh uh what are specific to the individuals but what's being suggested is that the policy itself would be customized uh on a per insured basis to include the amount of liability coverage is that how we're to interpret what the trial court uh wrote at page 27 of its order and it would that be appropriate well your honor that's how i read the the trial court as well that that is one way that we could have cleared up the ambiguities it found i thought when you were asking miss rakers about talking about the distinction between policy language which is sort of taken off the shelf in all of these cases and and used over and over again and the deck pages i thought you were getting at the heart of why why the the the conclusion of the trial court was maybe misguided not not that it couldn't be done i suppose that in every every policy the the insurers could could do a replace and fine uh but that that you know that would add more complexity to the whole the whole process and you were right to focus on this being sort of off the shelf language that is reused over and over again and that's and it didn't need to here because it said that regardless of the number of covered autos it's limited to the the limit of insurance so thank you for that question um i know i'm over time but i'd answer any more if there were other questions justice harris did that sufficiently answer your question yes thank you okay i see no other questions thanks to all three of you for your arguments the case is submitted and the court now stands in recess